# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LORENZA GERALD FEREBEE, JR.,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | Case No. 7:21cv00571 |
| **CARL A. MANIS,** *et al.*, ) | |
| Defendants. ) | By: Pamela Meade Sargent |
| ) | United States Magistrate Judge |
| ) | |

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, the *pro se* prisoner plaintiff, Lorenza Gerald Ferebee, Jr., has attempted to join together in one case unrelated legal claims concerning multiple defendants allegedly involved in separate and unrelated events and time periods. Allowing such a Complaint to go forward is inconsistent with the Federal Rules of Civil Procedure and federal statutes regarding prisoner civil actions. *See* FED. R. CIV. P. 18, 20; 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c). For the reasons herein explained, the court will sever the Complaint into seven separate civil actions, have them docketed as such, and require the plaintiff, for each case that he intends to pursue, to consent to paying the filing fee through installment payments from his inmate trust account, as he has done in this case.

I.

Ferebee has multiple complaints about events that affected him at Wallens Ridge State Prison, ("WRSP"), in 2021, and he is suing more than 15 officials from

that institution for alleged constitutional violations.[1]  Ferebee's rambling, fifty-five-page, *pro se* Complaint does not include any separate statement of facts.  His so-called facts are interwoven with a tangle of administrative remedy efforts, case citations, statute numbers, rule numbers, and legal statements, making it almost impossible to determine a simple chronology of what happened, who did what, and when.  However, from the Complaint and attached exhibits, the court concludes that Ferebee is apparently asserting § 1983 claims arising from seven sets of unrelated events.  I liberally construe the alleged facts of his claims to be as follows:[2]

(1) In February 2021, the following defendants took actions related to delay in mailing Ferebee's response to the court of appeals—Stallard, Thompson, Davis, Santos, Manis, Van Huss, and Ravizee.  Compl. Exh. A, at 1-13; Ex. C, ECF No. 1-1;

(2) In January 2021, because Ferebee had filed civil rights lawsuits against WRSP officers, and had since received two disciplinary charges he characterized as false and retaliatory, he complained that he feared for his life at WRSP, and officers transferred him

---

[1] The defendants named in the Complaint are: Carl A. Manis, the Virginia Department of Corrections Western Regional Administrator; WRSP Warden Malvin Davis; the following WRSP officials—C. King, Chief of Security; J. Carico, Chief of Housing; B. J. Ravizee, Institutional Ombudsman; A. Van Huss, Institutional OSS Grievance Officer: S. A. Caughnon, Operations Officer; F. Santos, C-Building Unit Manager; J. Stallard, A-Building Unit Manager; C. Ly. Franks, Institutional Hearing Officer; Lieutenant T. B. Smith; Lieutenant A. C. Nunley; Sergeant "John Doe" Roberts; Sergeant "John Doe" Thompson; Counselor "John Doe" Treadway; Counselor M. I. Miles; and Officer John or Jane Doe; and John or Jane Doe, United States Postal Service.

[2] The fact that the court has construed Ferebee's Complaint as asserting seven claims under § 1983 does not constitute any ruling on the possible legal and/or factual merit of the asserted claims.

        to a different housing building; defendants to this claim are Carico. Ravizee, Santos, Van Huss, and Ravizee. Compl. Ex. B, ECF No. 1-1;

(3) In March 2021, after Ferebee gave a piece of outgoing legal mail to Nunley, who gave it to Roberts, who failed to process the mail properly; when Ferebee filed Informal Complaints about this incident to Davis, he received no response and feared for his life. Compl. Ex. D, ECF No. 1-1. The defendants to this claim are Nunley, Roberts, and Stallard;

(4) On April 1, 2021, Nunley and Stallard retaliated against Ferebee by threatening to lock him up after he refused to talk about the "FUNGI [sic]" in his pending litigation, No. 7:19cv00628. Compl. Ex. E, F, and G, ECF No. 1-1. The defendants to this claim are Nunley, Roberts, Stallard, Carico, Ravizee, and Davis;

(5) On June 2, 2021, while Nunley was sorting inmate property, Ferebee complained about missing property items and was ultimately reimbursed for them; Nunley conducted a cell search, believing that Ferebee had another inmate's property without permission and threatened to charge Ferebee; in the end, Nunley charged Ferebee for putting trash outside his cell, and Ferebee was denied due process during the subsequent disciplinary and classification proceedings. Compl. Ex. H and I, ECF No. 1-1. He was fined $10.00. The defendants are Nunley, King, Smith, Roberts, Franks, Coughnon, Treadway, and Miles;

(6) On June 7, 2021, Ferebee tried to send a "Notice of Delayed Appeal" to the court of appeals and unknown officers of WRSP and the United States Postal Service marked through a zip code,

3

        causing that mailing to be returned as undeliverable. Compl. Ex. J, ECF No. 1-1. The defendants are two Doe defendants (a WRSP mail room officer and a United States Postal worker) and Davis; and

(7)    In August 2021, Santos had enforced a property limitation that Davis had implemented that disallowed inmates, including Ferebee, from possessing many of his purchased hygiene items. Compl. Ex. K, ECF No. 1-1. The defendants to this claim are Santos and Davis.

As relief in the Complaint, Ferebee seeks compensatory damages and injunctive and declaratory relief.

## II.

      The present Complaint is not consistent with Federal Rules of Civil Procedure Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action. Rule 18(a) allows a plaintiff to join *only* "as many claims as it has against an [one] opposing party" (emphasis added). On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants. *See* FED. R. CIV. P. 20. Thus, if the claims arise out of different transactions and do not each involve *all* defendants, joinder of the claims in one lawsuit should not be allowed.

      Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v.*

*Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to *pro se* prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow Ferebee to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the Prison Litigation Reform Ac,t ("PLRA"). PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow plaintiff to essentially package several lawsuits into

one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.[3]

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to sever claims. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may . . . sever any claim against a party"). Thus, the court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

As stated, Ferebee's Complaint may not proceed as it is presently constituted, because it improperly joins together multiple, unrelated claims and multiple, unrelated defendants. It is, in fact, seven separate lawsuits bundled into one omnibus Complaint: one lawsuit about various, but unrelated complaints Ferebee accrued in 2021 against officials at WRSP. Accordingly, the court will sever Ferebee's Complaint into seven separate lawsuits. Claim (1) will remain in this case, but the Complaint will be docketed again in six new and separate civil action in which only one claim, as designated above, will be considered. The court will provide Ferebee with the new case numbers, once they have been assigned.

This Opinion and Order does not address the possible merit of any of Ferebee's claims he has pled in the Complaint, and it does not deprive him of his right to litigate any of those claims. He simply may not litigate all of his unrelated

---

[3] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] "strike" under 28 U.S.C. § 1915(g).")

claims against all these defendants in this single lawsuit, while being held accountable for only one filing fee.  If Ferebee chooses to proceed one ore more of the severed claim in the new, separate lawsuits, he will be required to consent to payment of a filing fee in each of those new lawsuits, as he has done in this case.  If he does not wish to proceed with seven lawsuits, he may decline to consent to pay the filing fee for any or all of the new lawsuits and continue only with this lawsuit concerning events related to his allegedly delayed mailing to the court of appeals in February 2021.  In the alternative, Ferebee may file a motion to voluntarily dismiss any of the lawsuits without prejudice to refiling it at some future date, subject to the applicable period of limitations, the joinder rules, and the PLRA.

III.

In accordance with this Opinion, it is **ORDERED** as follows:

1. Claims (1) through (7), as described above, are hereby **SEVERED** into seven separate civil actions for all future proceedings;
2. The present case, No. 7:21cv571, **SHALL** now include only Claim (1) against defendants Stallard, Thompson, Davis, Santos, Manis, Van Huss, and Ravizee, concerning allegedly delayed outgoing legal mail in February 2021;
3. The Clerk is **DIRECTED** to docket in six new and separate civil actions a copy of the Complaint and its attachments, a copy of this Opinion and Order (as an attachment to the Complaint), the Statement of Assets and the Prisoner Trust Account Report, (Docket Item Nos. 2 and 4); and each new case **SHALL** include only one claim from the designated list above against only the defendants to that claim; **the**

   **clerk SHALL identify in the docket text of the Complaint in each of these new cases which of the seven claims will be considered in that case**;

4. In each new civil action, the court **WILL** issue an order requiring Ferebee to execute and return a Consent to Fee form agreeing to pay the $350.00 filing fee for that new civil action if he intends to pursue the case raising the claim designated for that case;

5. If Ferebee does *not* intend to pursue Claim (1) in the present case, he is **DIRECTED** to submit within 14 days from the date of the entry of this Order a Motion for Voluntary Dismissal of this civil action, No. 7:21cv00571, without prejudice. If he does not withdraw this action within the allotted time, the court will consider the claim under the PLRA, 28 U.S.C. § 1915A(b)(1), and either summarily dismiss the action if it fails to state a claim upon which relief could be granted, or direct the Clerk to attempt service of process on the defendants to Claim (1) and order collection of the $350 filing fee for this case to begin;

The Clerk will mail Ferebee a copy of this Opinion and Order.

**ENTERED:**   January 28, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE