# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LORENZA GERALD FEREBEE, JR.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00571 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CARL A. MANIS, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Lorenza Gerald Ferebee, Jr., Pro Se Plaintiff.*

The plaintiff, Lorenza Gerald Ferebee, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging multiple unrelated claims against many prison officials. The court severed his Complaint into seven separate civil actions, with each case containing one of his seven claims. This case consists of Ferebee's Claim (1), alleging that in February 2021, the following defendants took actions related to delay of Ferebee's outgoing mail to the court of appeals — Stallard, Thompson, Davis, Santos, Manis, Van Huss, and Ravizee. Compl. Ex. A, at 1-13; Ex. C, ECF No. 1-1. After review of this claim, I conclude that this case must be summarily dismissed.

I.

Since February 2019, Ferebee has been incarcerated at Wallens Ridge State Prison ("Wallens Ridge"), a facility operated by the Virginia Department of Corrections ("VDOC"), and his claim concerns events at that facility. Ferebee states that since October 2005, he has been challenging his conviction and subsequent prison sentence, claiming actual innocence. In November 2019, he filed a pleading in the United States District Court for the Eastern District of Virginia that was construed and docketed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in Case No. 1:19CV01483. Court records indicate that Ferebee's § 2254 petition was dismissed on December 21, 2020, as successive and untimely filed. Ferebee appealed, Appeal No. 21-6063. From documents he received thereafter, he believed that he needed to file his Informal Opening Brief on or before February 8, 2021, or he would be subject to dismissal of the appeal for failure to prosecute.

Ferebee filed multiple request forms to his counselor, D. Stallard, in order to obtain copies and documents he needed to meet the court of appeals' deadline. Stallard completed the copies on February 3, 2021. Ferebee also filled out a Postage Withdrawal Request Form as required to mail out a package. On February 4, 2021, Ferebee gave his outgoing legal mailing to Officer Thompson. Thompson allegedly said, "You sure you want to trust me with your 'Legal Mail' after all my co-worker(s) you've wrote up and sued?" Compl. 15, ECF No. 1. Ferebee said, "We've

never had an issue before," and Thompson said that was before Ferebee started writing up his coworkers and filing lawsuits. *Id.*

Later on February 4, 2021, Ferebee wrote a request asking if the mailroom had received his outgoing legal mail. On February 5, 2021, a clerk responded that the mailroom had not received Ferebee's outgoing mail. Ferebee wrote an Informal Complaint about these events, only to have F. Santos respond that Thompson claimed to have turned the legal mail over to the business office on February 4, 2021. Ferebee's Regular Grievance on the same topic was rejected for lack of information about his court deadline. Ferebee appealed that intake decision, which resulted in his grievance being processed. Officials determined it to be unfounded, however, and that finding was upheld on appeal. Mailroom staff notified Ferebee that his outgoing legal mail was received and processed on February 9, 2021. According to records online, on August 24, 2021, the court of appeals denied a certificate of appealability and dismissed Ferebee's appeal on that basis. Specifically, the court of appeals agreed with the district court that Ferebee's § 2254 petition was successive, that he had not obtained authorization from the court of appeals to pursue it, and that the district court had no jurisdiction to address it on the merits.

Ferebee brings his § 1983 claim against defendants Stallard, Thompson, Davis, Santos, Manis, Van Huss, and Ravizee. The latter four defendants had some

involvement in addressing Ferebee's complaints during the grievance procedure and appeals. As relief related to this claim, he seeks monetary damages.

II.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[1] To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liberally construing Ferebee's claim in this case, he asserts that the defendants denied him access to the courts or retaliated against him for his past lawsuits. I conclude that his allegations do not support a viable claim under either of these theories.

First, an inmate's right to access the court requires only that he be provided "a reasonably adequate opportunity to present claimed violations of fundamental

---

[1] I have omitted internal quotation marks, alterations, and citations here and elsewhere in this Opinion unless otherwise noted.

constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A claim of denial of court access, such as Ferebee may be attempting here, must demonstrate that he suffered actual injury to his litigation efforts — specifically, that a defendant's actions hampered his efforts to litigate a particular, "nonfrivolous" legal claim. *Id.* at 353; *see also Christopher v. Harbury*, 536 U.S. 403, 413–16 (2002) (discussing need for litigant to identify nonfrivolous legal claim and lost remedy as elements of claim for denial of court access). Ferebee has made no such showing here. Court records indicate that he pursued his habeas appeal, and the court of appeals dismissed that appeal only after finding that he had not demonstrated sufficient grounds for the required certificate of appealability.

Ferebee fails to show that this ruling resulted, in any way, from the actions of the defendants. This dismissal was unrelated to the alleged delay in obtaining legal copies, the belated processing of outgoing legal mail in February 2021, or the failure of the grievance procedure respondents to produce the results Ferebee desired. In fact, the United States District Court for the Eastern District of Virginia dismissed Ferebee's underlying § 2254 petition as successive, and the court of appeals found no basis on which to grant a certificate of appealability regarding that decision. On these facts, I must summarily dismiss Ferebee's claim to the extent he is contending that the defendants' actions deprived him of his right to access the court.

Prison officials also may not retaliate against an inmate for exercising his constitutional right to access the court. *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). Inmates have a "First Amendment right to be free from retaliation for filing a grievance,"[2] *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017). On the other hand, claims of retaliation against prison inmates must be examined with care because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct" or other concerning behaviors. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

To prevail on a retaliation claim under 42 U.S.C. § 1983, a plaintiff must demonstrate three elements: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) ("*Martin I*"). It is well-established that the filing of a grievance or a lawsuit is protected conduct that satisfies the first element. *Booker*, 855 F.3d at 541.

The second element may be satisfied if the plaintiff alleges that the defendant's action adversely affected his *future* exercise of his constitutional rights.

---

[2] It is well established that the protections of the First Amendment apply to the States through the Fourteenth Amendment. *Bigelow v. Virginia*, 421 U.S. 809, 811 (1975).

*Martin I*, 858 F.3d at 249. To do so, the plaintiff must prove that the alleged retaliatory conduct caused more than de minimis inconvenience to litigation efforts and "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005).

Third, the plaintiff must state facts showing a causal relationship between his protected activity and the defendant's conduct. *Martin I*, 858 F.3d at 249; *Mateen v. Collins*, No. 7:19CV00620, 2021 WL 4432517, at *3 (W.D. Va. Sept. 27, 2021). To avoid dismissal, a plaintiff must show that his protected activity was a substantial, motivating factor in the defendant's decision to take the adverse action at issue. *Id.* Conclusory assertions that a defendant acted from a retaliatory motive will not suffice to make this showing. *Adams*, 40 F.3d at 74. Closeness in time between the protected conduct and the adverse action may be sufficient for a prima facie case of causation. *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 253 (4th Cir. 2015) (explaining that courts can infer causation when the adverse action occurs shortly after a plaintiff engaged in a protected activity).

Once the "plaintiff establishes [that] his protected conduct was a substantial or motivating factor in the defendant's decision to take adverse action, the defendant is appropriately tasked with explaining why h[is] decision was not animated by retaliatory motives." *Martin v. Duffy*, 977 F.3d 294, 301 (4th Cir. 2020) (*Martin II*).

And if a defendant meets the burden to show a nonretaliatory motive, then the plaintiff again bears the burden of persuasion to contradict the defendant's evidence and prove that the defendant's reason is a pretext. *Foster*, 787 F.3d at 250.

Ferebee clearly meets the first prong of the retaliation standard — he has filed this lawsuit and others in the past, and he has filed complaints and grievances under the VDOC administrative remedies procedure. His retaliation claim fails on the second and third prongs of the *Martin I* analysis. Ferebee fails to state facts demonstrating that Stallard or Thompson actually delayed his legal mailing at all. The evidence is that Thompson delivered the mailing to the business office on February 4, 2021, the same day as he received it from Ferebee, well before the alleged February 8, 2021, deadline. Thompson's alleged statements about Ferebee's lawsuits alone do not prove that he took any action to delay the mailing. More importantly, I find no evidence indicating that the date on which the mailroom proceeded Ferebee's filing had any adverse impact on his pending appeal. This appeal was not dismissed because Ferebee failed to timely file a brief. Rather, the appeal was dismissed because he failed to make a particular substantive showing as required to warrant a certificate of appealability.

Finally, Ferebee's claims against the other defendants are nonsensical. These defendants merely addressed his after-the-fact complaints and grievances about delay of his copies and legal mail. They played no role in causing delay of copies

or mail, which in turn, did not adversely affect Ferebee's litigation efforts at all. Simply stated, these defendants did not deprive Ferebee of any constitutionally protected right and should not have been hailed into federal court. *See Booker*, 855 F.3d at 541 ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process.").

For the stated reasons, I will dismiss this action without prejudice pursuant to § 1997e(c) for failure to state a claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED: May 19, 2022

/s/ JAMES P. JONES
Senior United States District Judge